# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOWELL, CDCR #AA-2828,<br><br>        Plaintiff,<br><br>vs.<br><br>W.T. GRIFFIN, et al.,<br><br>        Defendants. | Civil No.   09-2576 DMS (AJB)<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[Doc. No. 2]** |

Donald Dowell ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

# I.

## MOTION TO PROCEED IFP [Doc. No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

1 | *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213
2 | F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

3 |     Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only
4 | frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C.
5 | §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule
6 | on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal
7 | pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires
8 | a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*
9 | *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to
10 | amend, however, unless it determines that "the pleading could not possibly be cured by the
11 | allegation of other facts" and if it appears "at all possible that the plaintiff can correct the
12 | defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
13 | 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

14 |     "[W]hen determining whether a complaint states a claim, a court must accept as true all
15 | allegations of material fact and must construe those facts in the light most favorable to the
16 | plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
17 | "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal
18 | construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,
19 | 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that
20 | were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268
21 | (9th Cir. 1982).

22 |     As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim
23 | under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a
24 | claimant: (1) that a person acting under color of state law committed the conduct at issue, and
25 | (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the
26 | Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.
27 | 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);
28 | *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

First, Plaintiff names the City of San Diego as a Defendant in this matter. While the City of San Diego may be considered a "person" for § 1983 liability purposes, and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), as a municipality it may be held liable under § 1983 only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694). Here, the Court finds that Plaintiff has not stated a § 1983 claim because he has failed to allege that any individual City employee deprived him of a constitutional right pursuant to official municipal policy, custom or practice. *See Monell*, 436 U.S. at 690; *Brown*, 520 U.S. at 403.

In addition, while Plaintiff also names individual San Diego Police Officers based on allegations that they illegally searched his home, falsely arrested him and perjured themselves during his criminal proceedings, he has still failed to plead facts sufficient to state a claim under § 1983. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993).

However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal .... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).

As to Fourth Amendment claims under *Heck* specifically, the Ninth Circuit has further held that "a § 1983 action alleging illegal search and seizure of evidence *upon which criminal charges are based* does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (quoting *Heck*, 512 U.S. at 484-85) (emphasis added) ("Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* Court's objectives of preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.'").

Here, Plaintiff challenges the validity of the search that resulted in the police finding him in possession of drugs which resulted in his arrest. *See* Compl. at 13. Therefore, like the Plaintiff in *Harvey*, Plaintiff's Fourth Amendment claims are precluded by *Heck*. *See Harvey*, 210 F.3d at 1015-16 ("In the present case, the evidence seized in the allegedly unlawful search-gaming devices-was an essential element of the crime of which Harvey was charged-illegal possession of gaming devices."). Since Plaintiff was arrested and convicted, "a § 1983 action challenging the legality of the search and resulting seizure of this evidence, if successful," would "necessarily imply the invalidity" of his conviction, and is not cognizable under *Heck*, unless Plaintiff can show his conviction has already been invalidated. *Id.*; *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (unlawful arrest claims barred by *Heck*); *accord Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Finally, to the extent that Plaintiff seeks monetary damages from the Defendants who were witnesses at his trial for allegedly committing perjury, these Defendants are absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(b)(iii); § 1915A(b)(2). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit

perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

Thus, for all these reasons, Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune Defendants. *See* 28 U.S.C. § 1915(e)(2)(B); § 1915A; *Lopez*, 203 F.3d at 1127; *Calhoun*, 254 F.3d at 845; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (actions barred by *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for damages after the underlying conviction has been invalidated).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune Defendants pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.  The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED:  December 10, 2009

_____
HON. DANA M. SABRAW
United States District Judge