1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 DONALD DOWELL,                  CASE NO. 09cv2576-DMS (MDD)

12                Plaintiff,       ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S

13      vs.                        MOTIONS TO COMPEL.

14 W.T GRIFFIN, et al.,            [ECF No. 37, 58]

15                Defendants.

16
17       On November 10, 2009, Donald Dowell ("Plaintiff"), a prisoner proceeding pro se and *in*

18 *forma pauperis* ("IFP") filed a civil rights lawsuit under 42 U.S.C. § 1983.  (Doc. No. 1).  On

19 March 9, 2011, Plaintiff filed his Motion to Compel responses to his requests for production of

20 documents and interrogatories.  (Doc. No. 37).  On March 11, 2011, Defendants filed a Notice

21 regarding Plaintiff's Motion.  (Doc. No. 38).  In their Notice, Defendants state that they have had

22 difficulty meeting and conferring with Plaintiff regarding their discovery dispute, that they were

23 not "provided with a full set of Motion documents" and that they "intend to file their Opposition"

24 by March 28, 2011.  Id.  On May 18, 2011, this Court issued an Order requiring Defendants'

25 response to Plaintiff's Motion to Compel.  (Doc. No. 48).  Defendants filed their response on June

26 1, 2011.  (Doc. No. 54).  On June 10, 2011, Plaintiff filed another Motion to Compel (Doc. No.

27 58).  In his second Motion, Plaintiff brings additional challenges to Defendants' responses to his

28 requests for Production of Documents.  Id.

## I.    Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Id.  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable.  Id.  There is no requirement that the information sought directly relate to a particular issue in the case.  Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden or expense outweighs the likely benefits.  Id.

"An interrogatory may relate to any matter that may be inquired under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath."  Id. at 33(b).  The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party.  Id. at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Id. at 34(b).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Id. at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession

of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.  Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal.1995).

**II.     Discussion**

In his first Motion to Compel, Plaintiff challenges Defendants' responses to his requests for production of documents and responses to the interrogatories sent to Defendants Griffin, Iversen, Zdunich, Botkin, and Johnson.  (Doc. No. 37, Exs. 1-5).  Defendants do not address these requests separately.  Rather, Defendants contend that Plaintiff's requests are too broad or seek irrelevant material.  (Doc. No. 54).  In his Second Motion, Plaintiff challenges Defendants' responses to more of his requests for production of documents.  (Doc. No. 58).  Defendants did not file a response to Plaintiff's Second Motion.

Despite the legal requirement to state objections with specificity, the Defendants instead presented a "preliminary statement" and a list of "general objections" which they incorporated by reference wholesale into each of their responses.  (Doc. No. 54).  However, Fed. R. Civ. P. 33(b)(4) requires that all objections to interrogatory requests must be made with specificity. Defendants are cautioned that, to the extent that the Court requires additional and supplemental responses, as provided below, the Defendants must state any objections with specificity or such objections will be deemed waived.

**1.     Requests for Production of Documents**

In his First Motion to Compel (Doc. No. 37) and Second Motion to Compel (Doc. No. 54), Plaintiff challenges many of Defendants' responses to his requests for production of documents. Defendants do not address each request separately.  Nevertheless, the Court will address the merits of each request challenged by Plaintiff.

**Request for Production #8**:   Plaintiff requested transcripts from his Superior Court case, stating that he has an "undue hardship" and that "no funding is available."  (Doc. No. 37).  Even if Defendants have these documents in their possession, they do not have a responsibility to copy them and send them to Plaintiff at their own expense.  No response is required.

**Request for Production #11:** Plaintiff requests documents "concerning named defendants'

attempt to initiate a parole hold or a 4th waiver search of a parolee, including documents of officer's investigations of  suspected parole violations."  Plaintiff does not explain what answer, if any, was provided by Defendants and how this answer was deficient.  Likewise, Defendants do not appear to have provided the Court with their response to this question, despite a Court order compelling them to do so.  (Doc. No. 48).  However, because the request on its face appears to seek documents unrelated to the instant lawsuit, Defendants are not required to respond further.

**Request for Production #13**: Plaintiff requests "documents concerning training policies or procedures of United States Constitutional searches."  (Doc. No. 37).  Plaintiff contends that Defendants' response to this question was "evasive."  Id.  Defendants do not address this question in their Response.  Plaintiff's request is relevant, but overbroad.  Defendants are ordered to produce, if they have not already, and to the extent that non-privileged documents exist, documents containing the policies or procedures governing the conduct of searches to comply with Constitutional requirements, in effect during the relevant time period.

**Requests for Production #21-25**: Plaintiff requests the names of various officers, police procedures, and "all information" pertaining to certain incidents.  (Doc. No. 58).  Plaintiff lists various badge numbers and incident report numbers in connection with these requests.  (Doc. No. 58).  Defendants object these requests on the grounds that they are "vague, overbroad, ambiguous, compound and unintelligible."  (Doc. No. 54).  Plaintiff contends that Defendants' answers are evasive and incomplete.  (Doc. No. 58).  The Court agrees that Plaintiff's questions are compound and unintelligible.  Furthermore, as the Court interprets the requests, they appear to involve incidents and officers unrelated to the current dispute.  Accordingly, Plaintiff's Motion to Compel is denied as it pertains to these questions, and Defendants need not provide additional responses.

### 2.    Interrogatories

As an initial matter, Defendants did not answer all of Plaintiff's interrogatories.  Plaintiff submitted 25 interrogatories to each Defendant, but Defendants identified many of these requests as compound, and re-numbered them.  Defendants then answered what they considered to be the first 25 requests, and refused to answer the rest.  While Defendants are correct that many of Plaintiff's requests were compound, some were not.  For example, in Interrogatory #12 of the

Griffin Interrogatories, Plaintiff asks "did you get approval to conduct your surveillance and search of Plaintiff Dowell's residence[.]" (Doc. No. 37). Defendant considered this to be two interrogatories. Additionally, Defendants identified four sub-parts in Interrogatory #5 of the Botkin Interrogatories. (Doc. No. 54). While Defendants are correct that the question is compound, it should be renumbered into, at most, three questions, not four. Furthermore, it is difficult to determine how Defendants divided the question, as they did not identify what they believed to be the various sub-parts.

As a consequence of the Defendants' unilateral action, Plaintiff did not have the option to rephrase or reconsider his questions or to petition the Court for leave to file additional interrogatories. Inasmuch as it appears that the overage is not significant and does not appear to unduly burden Defendants, leave likely would have been granted by this Court.

Consequently, the Court **ORDERS** Defendants to answer the remainder of Plaintiff's interrogatories.

Regarding Plaintiff's individual interrogatory requests, the Court rules as follows:

### A.    Defendant Griffin

Plaintiff challenges Defendants' responses to his interrogatories as being "evasive and incomplete." (Doc. No. 37, Ex. 1). Plaintiff does not identify how Defendants' answers are evasive or incomplete. Defendants do not specifically address these interrogatories in their response.

**Interrogatory #3**: Plaintiff asks a series of questions relating to what Griffin saw on the night of December 17, 2008. (Doc. No. 37). Defendants answer several parts, but object to the questions "did you observe suspicious activity?" and "did you observe any probable cause activity?" Defendants contend that these questions call for legal conclusions. (Doc. No. 54). Plaintiff challenges Defendants' response as evasive and incomplete. (Doc. No. 37). The Court disagrees with the Defendants that these questions call for legal conclusions. Fairly read, Plaintiff's question merely asks what the respondent observed. They do not call for respondent to determine whether those observations amounted to probable cause. Accordingly, Defendants are required to respond.

**Interrogatory #4:** Plaintiff asks Griffin to describe "what you did, if anything, to ensure that San Diego Police Officers followed the Fourth Waiver search, and Fourth Amendment Constitutional search policies in effect during your employment as a San Diego Police Officer, on December 17, 2008." (Doc. No. 37). Defendants object on the grounds that the question is "vague, ambiguous, and compound," but answers that Griffin "relied on information provided by the Officer on the case." (Doc. No. 54). Plaintiff contends that this answer is evasive and incomplete. (Doc. No. 37). The Court finds that Defendants objections are without merit, but acknowledges that despite their objections, Defendants answered the question. Accordingly, Defendants are not required to provide an additional response.

**Interrogatory #5:** Plaintiff asks Griffin how he became aware of Plaintiff's allegations that his Fourth Amendment rights had been violated. (Doc. No. 37). Griffin responded that he "learned during the search while in the kitchen of Plaintiff's residence that Plaintiff may not have a Fourth Waiver." (Doc. No. 54). Plaintiff contends this answer is incomplete. Defendants' response does not appear to answer Plaintiff's request. As the Court understands Plaintiff's question, Plaintiff asked when Griffin learned of the Plaintiff's complaint, and Defendants' response appears to describe when Griffin became aware that Plaintiff may not have had a valid Fourth Amendment waiver. Accordingly, if Defendants' answer would change in light of the Court's interpretation, Defendants must amend their response.

**Interrogatory #6:** Defendants appear to have fully answered Plaintiff's question. Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete." (Doc. No. 37). Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatories #8-12**: Defendants appear to have fully answered Plaintiff's question. Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete." (Doc. No. 37). Accordingly, Plaintiff's Motion to Compel a further response is denied.

**B.    Defendant Iversen**

**Interrogatory #3:** As part of Interrogatory #3, Plaintiff asks if Iverson "observe[d] any probable cause activity on December 17, 2008." (Doc. No. 37). Defendants contend that the question seeks a legal conclusion and is irrelevant, and do not answer. (Doc. No. 54). Plaintiff moves to compel Defendants to provide an answer. As explained above, the request does not seek a legal conclusion. Accordingly, Defendants are not required to provide an additional response.

**Interrogatory #8:** Plaintiff asks if Iversen was part of the surveillance team on December 17, 2008, and if so "who else had knowledge of the incident at 2715 Marcy Avenue, San Diego, CA 92113, on December 17, 2008, prior to the surveillance and incident?" (Doc. No. 37). Defendants' answered "no" to the first part, then objected to the second on the grounds that it is not within the Respondent's personal knowledge, and that it assumes facts not in evidence. (Doc. No. 54). Plaintiff challenges this objection on the grounds that "assumes facts not in evidence" is an improper objection to an interrogatory. (Doc. No. 37). Defendants' objection that the question "assumes facts not in evidence" is overruled. However, as Defendants answered "no" to part one, no additional response is required.

**Interrogatory #10:** Defendants appear to have fully answered Plaintiff's question. Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete." (Doc. No. 37). Accordingly, Plaintiff's Motion to Compel a further response is denied.

### C.      Defendant Zdunich

**Interrogatory #1:** Defendants appear to have fully answered Plaintiff's question. Plaintiff has not indicated how Defendants' response is inadequate. (Doc. No. 37). Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatory #5:** Defendants appear to have fully answered Plaintiff's question. Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete." (Doc. No. 37). Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatory #6:** As part of this request, Plaintiff asks, "What did you find in the possession of Plaintiff Dowell during your traffic stop in the 800 block of 11th Ave, San Diego,

CA 92101 on December 17, 2008?  (Doc. No. 37).  Defendants' objected to the question on the grounds that it seeks a legal conclusion.  (Doc. No. 54).  The request does not call for a legal conclusion, and Defendants' are required to respond.  Defendants' other responses relating to this interrogatory need not be amended.

**Interrogatory #9:**  Defendants appear to have fully answered Plaintiff's question.  Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatory #10:** Plaintiff asks whether respondent testified at a hearing on December 17, 2008, and what the result of that hearing was.  (Doc. No. 37).  Defendants object on the grounds that the information is equally accessible to Plaintiff.  The Defendants' objection is overruled and Defendants are required to respond.

**Interrogatory #11:**  Defendants appear to have fully answered Plaintiff's question.  Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatory #12:** Plaintiff asks respondent to identify who was in charge of Team 8 on December 17, 2008.  Defendants respond that Sgt. Griffin "had knowledge of the search[,]" and adds "Responding Party cannot respond to the remainder of the question because he has no personal knowledge about what other senior police officers knew on December 17, 2008."  Defendants' response is non-responsive.  Plaintiff asked who was in charge of Team 8, not who had knowledge of the search.  Accordingly, Defendants must amend their response.

### D.    Defendant Botkin

**Interrogatory #3:**  Defendants appear to have fully answered Plaintiff's question.  Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

**Interrogatory #4:**  This interrogatory is identical to Griffin Interrogatory #3.  For the same

reasons,  Defendants are not required to produce an additional response.

   **Interrogatory #5, 9, 12**: Defendants appear to have fully answered Plaintiff's question**.** Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

   **Interrogatory #14:** Defendants' did not answer the last sub-part of this question, asserting that Plaintiff had exceeding the 25 interrogatory limit.  (Doc. No. 54). Defendants must fully answer the question, in accordance with the Court's order above.

### E.      Defendant Johnson

   **Interrogatory #7:**  Defendants' only response to this request is "not applicable."  (Doc. No. 54).  It is unclear how this responds to Plaintiff's request.  Accordingly, Defendants' are required to either fully and specifically explain their objection, or provide an answer to Plaintiff's request.

   **Interrogatory #8:**  Defendants appear to have fully answered Plaintiff's question**.** Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

   **Interrogatory #9:** Plaintiff's request contains the question "were you present at or near Plaintiff Dowell's residence, at 2715 Marcy Ave, San Diego, CA 92113, the night of the incident complained of in the First Amended Complaint on December 17, 2008?  (Doc. No. 37). Defendants' objected on the grounds that the request seeks a legal conclusion.  (Doc. No. 54). Defendants' objection is overruled, and Defendants are required to respond to the request.

   **Interrogatory #13:**  Defendants appear to have fully answered Plaintiff's question**.** Plaintiff has not indicated how Defendants' response is inadequate, other than to say it is "evasive and incomplete."  (Doc. No. 37).  Accordingly, Plaintiff's Motion to Compel a further response is denied.

/ / /

/ / /

**III.     Conclusion**

Defendants are **ORDERED** to respond to all unanswered interrogatories, and to provide additional responses as directed above.  Defendants must provide responses no later than **August 8, 2011**.

**IT IS SO ORDERED.**

DATED:  July 11, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge