# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOWELL,<br><br>      Plaintiff,<br>vs.<br><br>W.T. GRIFFIN, et al.,<br><br>      Defendant. | CASE NO. 09cv2576-DMS (MDD)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY OF PERSONNEL FILES<br>[DOC. NO. 46] |

## I. PROCEDURAL HISTORY

On November 10, 2009, Donald Dowell ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis,* filed a civil rights lawsuit under 42 U.S.C. § 1983 asserting that his Fourth and Fourteenth Amendment Constitutional rights were violated during a search of his person and residence. (Doc. No. 1). On April 25, 2011, Plaintiff filed a Motion for Discovery of Police or Custodial Officer Conduct (*Pitchess* Motion) To Defendants Et. Al...[sic]. (Doc. No. 46). On May 18, 2011, this Court issued an Order requiring Defendants' response to Plaintiff's Motion. (Doc. No. 47). Defendants filed their response on May 31, 2011. (Doc. No. 51). On July 18, 2011, this Court issued an order granting in part and denying in part Plaintiff's Motion for Discovery. (Doc. No. 63). The order required production of a privilege log and a copy of personnel records for *in camera* review. Id. Further, the order limited discovery to the personnel records of Defendants Griffin, Botkin, Zdunich, and Johnson, and to information relating to

alleged Fourth and Fourteenth Amendment violations in the context of unlawful search and seizure. Id. On July 26, 2011, Defendants lodged with chambers a privilege log and the documents at issue. The Court has completed its *in camera* review.

## II.     STANDARD OF REVIEW

Assertions of privilege in federal question cases are governed by federal common law. Fed R. Evid. 501.[1] In Defendants' privilege log they assert the following two privileges: the official information privilege, and privacy rights granted by the California Constitution.

### A.     Official Information Privilege

Federal common law recognizes a qualified privilege for official information. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). For the purposes of the privilege, government personnel files are considered official information. Id. In determining when a personnel file falls within the official information privilege, the Ninth Circuit has adopted a balancing test. Id. at 1033-34. "[C]ourts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Id. Some sister courts have stated that the proper operation of the balancing test requires a "balancing approach that is moderately pre-weighted in favor of disclosure." See Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D.Cal.1987).[2]

---

[1] Plaintiff's only cause of action, violation of the Fourth and Fourteenth Amendments protection against unlawful search and seizure, is alleged as a violation of 42 U.S.C. § 1983. *(See* Doc. No. 6 at 5-15). Although Defendants "recognize that federal privilege law, not state law, governs this issue," they proceed to cite almost exclusively to state law. (Doc. No. 52). Although this Court recognizes that "the policy decisions of the States bear on the question whether federal courts should recognize a new privilege or amend the coverage of an existing one," it is not bound by policy decisions of any particular State. Jaffee v. Redmond, 518 U.S. 1, 13 (1996).

[2] Kelly reasons that "the public interests in the categories favoring disclosure (the policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases) clearly outweigh the public interests in favor of secrecy (e.g., not compromising procedures for self-discipline within police forces or the privacy rights of officers or citizen complainants)"; "there has been substantial exaggeration of the size of the harm that limited disclosure might do to concededly legitimate law enforcement interests;" and "in the relatively rare case where there is a very real threat to obviously important law enforcement interests (as there could be, for example, if a plaintiff were seeking the names of confidential informants in on-going criminal investigations, or wanted to learn operational plans for imminent police activities), the moderate pre-weighting in favor of disclosure will not disable courts from protecting those law enforcement interests." Kelly, 114 F.R.D. at 661-62.

In order to trigger the Court's balancing of interests, the party opposing disclosure must make a substantial threshold showing. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." Id. Specifically, the party must submit a declaration from a responsible official with personal knowledge of the police department's internal investigatory system. See id.

Once the party asserting the privilege meets the threshold burden, the court will review the documents in light of the balancing test articulated by the court in Kelly, which includes, but is not limited to: (1) The extent to which disclosure will thwart the governmental process by discouraging citizens from giving the government information; (2) The impact of having their identities disclosed upon persons who have given information; (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) Whether the information sought is factual data or evaluative summary; (5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) Whether the police investigation has been completed; (7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) Whether the plaintiff's suit is not frivolous and brought in good faith; (9) Whether the information sought is available from discovery or through other sources; and, (10) The importance of the information sought to the plaintiff's case. See Kelly, 114 F.R.D. at 663 (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973.))

Here, Defendants have not submitted a declaration or affidavit with their privilege log. Without information identifying the governmental privacy interests at issue, and the risk of harm that would come to such interests were disclosure to be ordered, the Defendants have not met their initial burden and the Court need not conduct the second part of the analysis. See Ramirez v. Los Angeles, 231 F.R.D. 407, 410 (C.D. Cal. 2005.) (*in camera* review not necessary where defendant failed to make initial showing that official information privilege applies). However, despite Defendants' failure to make this threshold showing, the Court has performed an *in camera* review of the requested documents. Application of the official information privilege to the

1  disputed documents will be discussed below.

2  **B.**     **Privacy Rights**

3  Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be
4  raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District,
5  542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the
6  court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th
7  Cir.1992), *cert. denied* 507 U.S. 910 (1993) (denying discovery of names of participants in a
8  medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys.,
9  Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy
10 against public's need for discovery in employment discrimination case). The party whose privacy
11 is affected may object or seek a protective order. Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C.
12 Cir. 1987). Resolution of a privacy objection or request for protective order requires a balancing
13 of the need for the particular information against the privacy right asserted. See Cook, 132 F.R.D.
14 at 550-51.

15 Regarding the disclosure of police files, courts have recognized that privacy rights are not
16 inconsequential. Kelly, 114 F.R.D. at 660. However, these privacy rights have to be considered in
17 light of the substantial weight afforded plaintiffs in civil rights cases against police departments.
18 Id. Current case law suggests the privacy interests police officers have in their personnel files do
19 not outweigh plaintiff's interests in civil rights cases. See Soto, 162 F.R.D. at 617; Hampton v.
20 City of San Diego, 147 F.R.D. 227, 230 (S.D.Cal. 1993); Miller v. Pancucci,141 F.R.D. 292, 301
21 (C.D.Cal. 1992). In addition, Defendants' privacy concerns may be sufficiently protected with the
22 use of a "tightly drawn" protective order which specifies that only the Plaintiff, his counsel, and
23 his experts may have access to the material, and that copies of such material will be returned to
24 Defendants at the conclusion of the case. See Kelly, 114 F.R.D. at 662, 666, 671; Hampton, 147
25 F.R.D. at 231; Miller, 141 F.R.D. at 301.

26 **III.**    **DISCUSSION**

27 Federal Rule of Civil Procedure 26(b)(1) allows discovery regarding any matter that is (1)
28 nonprivileged, and (2) relevant to any party's claim or defense. Before addressing the privilege

1. issue, the Court must address relevance. All documents produced by Defendants on July 26, 2011,
2. except TG-IA-2008-105-0001-256, a Citizen Complaint relating to unlawful search and seizure,
3. are irrelevant to Plaintiff's cause of action and need not be produced. The remaining document
4. must also be found nonprivileged before it needs to be produced.

### A. Official Information Privilege

6. Defendants' make a general claim that all documents provided to the Court should be
7. protected by the official information privilege. As noted above, Defendants did not provide the
8. Court with an affidavit or declaration accompanying their privilege log indicating the specific
9. privileges alleged for any particular document. Further, they do not provide any specific reasons
10. why any particular document should be protected, nor do they indicate what government interests
11. will be affected by the disclosure of any particular document. Despite this lack of guidance, the
12. Court will construe Defendants' assertions to be that important government interests are threatened
13. by disclosure of each document, even if that document might bear some relevance to Plaintiff's
14. claims.

15. Upon consideration of the remaining document in light of the Kelly balancing test, the
16. Court finds that TG-IA-2008-105-0001-256 is not protected by the official information privilege.
17. See Kelly, 114 F.R.D. at 663. The reasoning behind this determination follows below.

18. The first Kelly factor is the extent to which disclosure will thwart the governmental process
19. by discouraging citizens from giving the government information. The Court is not persuaded that
20. this factor weighs in favor of either party. Id. The Court is aware that the document is an internal
21. affairs investigative report, and as such its disclosure would risk compromising the privacy of the
22. citizen complaining, officers named in the complaint, and potential witnesses. However, the Court
23. is not convinced that the privacy risk would dissuade potential witnesses from providing acurate
24. information. Rather, the potential for disclosure likely would have the effect, if any, to encourage
25. the complainant and any witnesses to tell the truth, as they may later be called to testify in a civil
26. action. Further, the officers named in the complaint would likewise be encouraged to tell the truth
27. because officers are generally indemnified from liability in civil actions, and the greater
28. disincentive to veracity is the possibility of discipline or termination. See Estate of Bui v. City of

Westminster Police Dept., 244 F.R.D. 591, 596 (C.D.Cal 2007).

The second factor, the impact of having their identities disclosed upon persons who have given information, is not relevant in this case. See Kelly, 114 F.R.D. at 663. The identities of the officers in question are known, and the identity of anyone not a party to this case potentially disclosed in the document can be withheld by a protective order. The third factor, the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure, favors applying the privilege. Id. The Court notes that the government may be less inclined to self-evaluate if it knows the information gathered can ultimately be used against it in a civil action. However, this is only one of the factors to be evaluated along with other relevant considerations. In fact, the performance and disciplinary reviews are not so much governmental self-evaluation as they are evaluation of a single officer's conduct. See Bui, 244 F.R.D. at 596 (chilling effect on government evaluation not enough to overcome production).

The fourth factor, whether the information sought is factual data or evaluative summary, is not instructive here. See Kelly, 114 F.R.D. at 663. While the report includes opinions, conclusions, and evaluative summaries, it is still based on factual investigations. As articulated in Kelly, there is no reason to doubt the veracity of the investigating officers any more than there is to doubt the veracity of the witnesses. Id. at 663-670. The fifth factor, whether the party seeking discovery is an actual, or potential, defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question, is not relevant in this case. See id. at 663. The Plaintiff was prosecuted following the incident from which this suit arises.[3] However, that is not the subject of the disputed document. While Plaintiff is named in the report as a witness he was not the subject of the investigation, nor was he prosecuted for the acts which were the subject of the investigation.

The sixth factor, whether the police investigation has been completed, weighs toward disclosure. Id. The investigation was completed. The seventh factor, whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation, is not

---

[3]The case was dismissed due to the Fourth Amendment violation alleged in the instant suit. (Doc. No. 52).

relevant to this case. Id. The eighth factor, whether the plaintiff's suit is not frivolous and brought in good faith, weighs in favor of disclosure. Id. Another court has ruled in favor of Plaintiff's claim that his Fourth Amendment rights were violated. This Court is willing to find that this is sufficient reason to believe that the instant suit was brought in good faith.

The ninth and tenth factors weigh most heavily in favor of disclosure. The information sought would not be available from any other source. Id. Further, the information sought may be important to Plaintiff's case. Id. Information contained in personnel files may be relevant on the issues of credibility and the motive of the officers. Hampton, 147 F.R.D. at 229. "Further, information concerning other instances of misconduct may also be relevant on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." Id.

In summary, four factors weigh in favor of disclosure and only one favors application of the privilege, while five factors are either not instructive or irrelevant. The fear that government self-evaluation will be chilled by disclosure is not sufficient to overcome the broad scope of discovery allowed in federal court. See Kelly, 114 F.R.D. at 663; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Accordingly, the Court concludes the official information privilege does not preclude discovery of the requested document. (Document TG-IA-2008-105-0001-256).

**B.     Privacy Rights**

Defendants also claim that all documents produced should be protected by constitutional privacy rights held by officers. As one would expect, the privilege log produced with Officer Griffin's personnel file asserts his privacy rights. In contrast, the privilege logs produced with the personnel files of Defendants Botkin, Zdunich, and Johnson each generally assert the privacy rights of Officer Adams. As stated above, Defendants do not provide any specificity as to the manner in which any document is protected by either privilege they generally assert.[4] Without further guidance, the Court will construe the privileges asserted to be those of the Officer who is

---

[4] It is difficult to understand how disclosure of Officer Botkin's college transcript would violate Officer Adams privacy rights.

1  the subject of each personnel file.

2  In the instant case, Plaintiff claims that his Fourth and Fourteenth Amendment right to be
3  free from unlawful search and seizure was violated. (See Doc. No. 1). As discussed above, the
4  majority of Defendants' personnel files are irrelevant to Plaintiff's claim. See Fed. R. Civ. P.
5  26(b)(1). However, a Citizen Complaint, designated TG-IA-2008-105-0001-256, may have some
6  relevance for Plaintiff. See Hampton, 147 F.R.D. at 229 (indicating that previous officer conduct
7  may affect the availability of punitive damages).

8  Regarding the disclosure of police files, courts have recognized that privacy rights are not
9  inconsequential. Kelly, 114 F.R.D. at 660. However, these privacy rights have to be considered in
10 light of the substantial weight afforded plaintiffs in civil rights cases against police departments.
11 Id. As noted in Kelly, the need for disclosure in civil rights cases is especially strong because
12 "public confidence in our system of justice is of comparable significance and is threatened when
13 relevant evidence is not made available and independent of that public perception of the system
14 there are few things more important than doing justice in fact in individual cases." Id. at 661.
15 Because the Court finds that this document may be relevant and important to Plaintiff's claim, and
16 public policy considerations favor disclosure, privacy concerns are not a bar to disclosure.

17 Accordingly, the Court concludes that privacy considerations, as well as the official
18 information privilege, do not preclude discovery of the requested document and orders that the
19 requested document be produced. (Document TG-IA-2008-105-0001-256). However, Plaintiff
20 has no need of sensitive personal information that may be found in the document. Thus, any
21 phone number, address, date of birth, social security number, or credit card number should be
22 redacted. Also the name, arrest or detention record, or photograph of anyone not a party to this
23 suit should be omitted or redacted. Further, only the Plaintiff, his counsel, and his experts may
24 have access to the material, and any copies will be returned to Defendants at the conclusion of the
25 case.

26 / / / /
27 / / / /
28 / / / /

////

### IV.   CONCLUSION

In accordance with the Court's findings expressed above, Defendants are ordered to produce the properly redacted document, designated TG-IA-2008-105-0001-256, pursuant to the protective order in place in the above entitled matter no later than five (5) court days following the date of this Order.

**IT IS SO ORDERED.**

DATED:  August 17, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge